IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

               v.                               20-CR-80-A

COURTLAND RENFORD,

               Defendant.
_____

## PLEA AGREEMENT

The defendant, COURTLAND RENFORD, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enters into a plea agreement with the terms and conditions as set out below.

### I.     THE PLEA AND POSSIBLE SENTENCE

1.    The defendant agrees to waive indictment and plead guilty to Count 1 of a Superseding Information which charges a violation of Title 18, United States Code, Section 2101(a) (riot), for which the maximum possible sentence is a term of imprisonment of 5 years, a fine of $250,000, a mandatory $100 special assessment, and a term of supervised release of 3 years. The defendant understands that the penalties set forth in this paragraph are the maximum penalties that can be imposed by the Court at sentencing.

2.      The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 2 years, without credit for time previously served on supervised release.  As a consequence, in the event the defendant is sentenced to the maximum term of incarceration, a prison term imposed for a violation of supervised release may result in the defendant serving a sentencing of imprisonment longer than the statutory maximum set forth in ¶ 1 of this agreement.

## II.      ELEMENTS AND FACTUAL BASIS

3.      The defendant understands the nature of the offenses set forth in ¶ 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

a.      That the defendant used any facility of interstate or foreign commerce with the intent to incite a riot or to commit any act of violence in furtherance of a riot, or to organize, participate in, or carry on a riot, or to aid and abet in inciting or participating in or carrying on a riot or committing any act of violence in furtherance of a riot; and,

b.      That the defendant, during the course of such use, or thereafter, performed, or attempted to perform, any other overt act for the purpose to incite a riot or to commit any act of violence in furtherance of a riot, or to organize, participate in, or carry on a riot, or to aid and abet in inciting or participating in or carrying on a riot or committing any act of violence in furtherance of a riot.

c.      A "riot" means any public disturbance involving an act or acts of violence by one or more persons part of an assemblage of three or more persons, which act or acts shall constitute a clear and present danger of, or shall result in, damage or injury to the property of any other person.

## FACTUAL BASIS

4.      The defendant and the government agree to the following facts, which form the

basis for the entry of the plea of guilty including relevant conduct:

a.      On or about May 30, 2020, in the Western District of New York, the
defendant, COURTLAND RENFORD, participated with numerous
other individuals (exceeding three persons) in a public protest near
Buffalo City Hall, located at 65 Niagara Square, Buffalo, New York. At
various times during the public protest, the gathering turned violent,
resulting in significant property damage and looting.

b.      During the course of the riot, at approximately 11:25 p.m., the
defendant threw a burning laundry basket into a broken window of
Buffalo City Hall, wherein a fire ensued. Buffalo City Hall is a state or
governmental facility. Buffalo Police Department ("BPD") and Buffalo
Fire Department ("BFD") personnel entered Buffalo City Hall in an
effort to extinguish the fire. BFD personnel extinguished the fire.
According to BFD personnel, the fire damaged and/or destroyed items
inside Buffalo City Hall. News camera footage captured the defendant
throwing the lighted laundry basket into Buffalo City Hall. The
defendant admits that by setting fire to Buffalo City Hall, he engaged in
an act of violence. The defendant further admits that the fire was an
incendiary, intentionally set fire, set by himself with the assistance of
others.

c.      Further, earlier in the evening, the defendant participated in the looting
and rioting of a 7-11 convenience store located on the corner of
Elmwood Avenue and Summer Avenue, Buffalo, New York. At
approximately 10:10 p.m., a large group (greater than three), shattered
the front door of the 7-11 and began looting the store. The defendant
was one of the first individuals to enter 7-11. Surveillance footage
captured the defendant jumping the counter and taking various items.

d.      After law enforcement arrested the defendant on June 1, 2020, law
enforcement read the defendant his Miranda warnings and the
defendant waived those rights. The defendant admitted that he set fire
to Buffalo City Hall on May 30, 2020, by throwing a burning laundry
basket into Buffalo City Hall.

e.      The defendant further admits and agrees that he utilized his cellular
telephone, a facility of interstate or foreign commerce, to communicate
with and broadcast to any person or group of persons with the intent to
incite, organize, promote, encourage, participate in, carry on, and
commit an act of violence in furtherance of a riot. Specifically, the

defendant utilized his cellular phone to communicate with others to discuss his participation in the riot. Additionally, in an effort to evade apprehension, the defendant utilized his cell phone to discuss how he needed to change his appearance by cutting his hair and obtaining a chest tattoo.

## III.    SENTENCING GUIDELINES

5.    The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

## BASE OFFENSE LEVEL

6.    The government and the defendant agree that Guidelines § 2K1.4(a)(1)(B) applies to the offense of conviction and provides for a base offense level of **24**.

## ACCEPTANCE OF RESPONSIBILITY

7.    At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level decrease of Guidelines § 3E1.1(a) (acceptance of responsibility), and further agrees to move the Court to apply the additional one (1) level decrease of Guidelines § 3E1.1(b), which would result in a total offense level of **21**.

## CRIMINAL HISTORY CATEGORY

8.    It is the understanding of the government and the defendant that the defendant's criminal history category is **IV**. The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase. The defendant understands that the

defendant has no right to withdraw the pleas of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS, AND IMPACT

9.      It is the understanding of the government and the defendant that with a total offense level of **21** and criminal history category of **IV**, and taking into account the statutory maximum penalties, the defendant's sentencing range would be a term of imprisonment of **57** to **60** months, a fine of **$15,000** to **$150,000**, and a period of supervised release of **1** to **3** years. Notwithstanding this, the defendant understands that at sentencing, the defendant is subject to the maximum penalties set forth in ¶ 1 of this agreement.


10.      The government and the defendant agree to the correctness of the calculation of the Sentencing Guidelines range set forth above.  The government and the defendant, however, reserve the right to recommend a sentence outside the Sentencing Guidelines range. This paragraph reserves the right to the government and the defendant to bring to the attention of the Court all information deemed relevant to a determination of the proper sentence in this action.


11.      The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court.

12.    In the event that the Court contemplates any Guidelines adjustments, departures, or calculations different from those agreed to by the parties above, the parties reserve the right to answer any inquiries by the Court concerning the same.

## IV.    STATUTE OF LIMITATIONS

13.    In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any federal criminal offense which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

## V.    REMOVAL

14.    The defendant represents that he is a citizen of the United States. However, if the defendant is not a citizen of the United States, the defendant understands that, if convicted, the defendant may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

## VI.    GOVERNMENT RIGHTS AND RESERVATIONS

15.    The defendant understands that the government has reserved the right to:

a.    provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant

concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

b.  respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

c.  advocate for a specific sentence consistent with the terms of this agreement;

d.  modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor; and,

e.  oppose any application for a downward departure and/or sentence outside the Guidelines range made by the defendant.

16.   At sentencing, the government will move to dismiss Indictment 20-CR-80-A pending against the defendant.

## VII.   RESTITUTION AND FINANCIAL PENALTY PROVISIONS

17.   The defendant understands, and the parties agree, that the Court must require restitution in the amount of $434.37 to be paid to the City of Buffalo as part of the sentence pursuant to Sentencing Guidelines § 5E1.1 and Title 18, United States Code, Section 3663A. The defendant understands that defendant will not be entitled to withdraw the plea of guilty based upon any restitution amount ordered by the Court.

18.     The defendant agrees to disclose fully and completely all assets in which the defendant either has any property interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee or other third party. The defendant agrees to make complete financial disclosure to the United States by truthfully executing a sworn financial statement by the deadline set by the United States, or if no deadline is set, no later than two weeks prior to the date of sentencing. The defendant agrees to authorize the release of all financial information requested by the United States, including, but not limited to, executing authorization forms for the United States to obtain tax information, bank account records, credit history, and social security information. The defendant agrees to discuss or answer any questions by the United States relating to the defendant's complete financial disclosure. The defendant will submit to an examination under oath and/or a polygraph examination conducted by an examiner selected by the U.S. Attorney's Office on the issue of the defendant's financial disclosures and assets, if deemed necessary by the U.S. Attorney's Office. The defendant certifies that the defendant has made no transfer of assets in contemplation of this prosecution for the purpose of evading or defeating financial obligations that are created by the agreement and/or that may be imposed upon the defendant by the Court. In addition, the defendant promises that the defendant will make no such transfers in the future.

19.     The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

20.    The defendant understands and agrees that the Court, at the time of sentencing, will order that all monetary penalties imposed at that time (including any fine, restitution, or special assessment imposed in accordance with the terms and conditions of this plea agreement) are to be due and payable in full immediately and will be (i) subject to immediate enforcement as provide for in Title 18, United States Code, Section 3613, and (ii) submitted to the Treasury Offset Program ("TOP") so that any federal payment or transfer of returned property the defendant receives may be offset and applied to federal debts but will not affect any periodic payment schedule set by the Court.

21.    The defendant understands and acknowledges that any schedule of payments imposed by the Court at the time of sentencing is merely a minimum schedule of payments and does not, in any way, limit those methods available to the United States to enforce the judgment.

22.    The defendant agrees that any funds and assets in which the defendant has an interest, which have been seized or restrained by the government or law enforcement as part of the investigation underlying this plea agreement, and not subject to forfeiture, will be used to offset any judgment of restitution and fine imposed pursuant to this plea agreement, or to satisfy any debts owed by the defendant to the United States and/or agencies thereof.

23.    To the extent that the defendant has an interest, the defendant authorizes the District Court Clerk to release any funds posted as security for the defendant's appearance bond in this case, which funds shall be applied to satisfy the financial obligation(s) of the defendant pursuant to the judgment of the Court.

24.    The defendant is aware that voluntary payment of restitution prior to adjudication of guilt is a factor in considering whether the defendant has accepted responsibility under the United States Sentencing Guidelines § 3E1.1.

## VIII.  APPEAL RIGHTS

25.    The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed.  The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 9, above, notwithstanding the manner in which the Court determines the sentence.  In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.

26.    The defendant understands that by agreeing not to collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

27.     The defendant's knowing and voluntary waiver of the right to appeal or collaterally attack the conviction and sentence includes waiving the right to raise on appeal or on collateral review any argument that (1) the statute(s) to which the defendant is pleading guilty is unconstitutional and (2) the admitted conduct does not fall within the scope of the statute(s).

28.     The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 9, above, notwithstanding the manner in which the Court determines the sentence.  However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## IX.     TOTAL AGREEMENT AND AFFIRMATIONS

29.     This plea agreement represents the total agreement between the defendant, COURTLAND RENFORD, and the government.  There are no promises made by anyone other than those contained in this agreement.  This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

JAMES P. KENNEDY, JR.
United States Attorney
Western District of New York

BY:     _____

JEREMIAH E. LENIHAN
Assistant United States Attorney

Dated:  October 12, 2021

11

I have read this agreement, which consists of pages 1 through 12. I have had a full opportunity to discuss this agreement with my attorney, Samuel P. Davis, Esq. I agree that it represents the total agreement reached between me and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my pleas of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.

COURTLAND RENFORD
Defendant

Dated: October 12 , 2021

SAMUEL P. DAVIS, ESQ.
Attorney for the Defendant

Dated: October 12 , 2021